

# NUMBER 13-22-00272-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **G&G CLOSED CIRCUIT EVENTS, L.L.C.,** | **Appellant,** |
| **v.** | |
| **WALID HAIDAR, INDIVIDUALLY, AND AS REPRESENTATIVE OF 415 TRENTON, L.L.C. D/B/A WALK-ON'S SPORTS BISTREAUX, AND MOUSSA HAIDER, INDIVIDUALLY, AND AS REPRESENTATIVE OF 415 TRENTON, L.L.C. D/B/A WALK-ON'S SPORTS BISTREAUX,** | **Appellees.** |

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant G&G Closed Circuit Events, L.L.C. (G&G) filed a notice of appeal on

June 14, 2022, and an amended notice of appeal on June 15, 2022, regarding a default

judgment that had been rendered against it. The documents originally provided with appellant's notice of appeal indicated that the notice of appeal had not been timely filed. Accordingly, on June 15, 2022, the Clerk of this Court advised appellant that the appeal had not been timely perfected. The Clerk directed appellant to correct this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not cured within ten days. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond to the Clerk's notice regarding the timeliness of the appeal. *See id.* R. 42.3(b), (c).

The Court has now received and reviewed the clerk's record and a supplemental clerk's record. Based on our review, appellant's notice of appeal was timely, but the default judgment at issue was interlocutory in nature. As shown by the clerk's record, Walid Haidar, individually, and as representative of 415 Trenton, L.L.C. d/b/a Walk-On's Sports Bistreaux (plaintiffs), filed suit against G&G on grounds that G&G failed to provide closed circuit sporting events as promised by contract. These plaintiffs subsequently sought a default judgment against G&G on grounds that G&G had been served with their lawsuit but failed to appear in the proceedings or file an answer. On July 20, 2021, the trial court entered a default judgment against G&G.

On August 19, 2021, G&G filed a motion for new trial seeking to set aside the default judgment. On September 28, 2021, the trial court granted G&G's motion for new trial and set aside the default judgment. On October 19, 2021, G&G filed its original answer, and on October 20, 2021, G&G filed a counterclaim and third-party petition

2

against Walid Haidar, 415 Trenton, L.L.C., and Moussa Haidar, individually and d/b/a Walk-On's Sports Bistreaux and Bar.

On November 18, 2021, the plaintiffs filed a motion for reconsideration of the trial court's September 28, 2021 order setting aside the default judgment. On December 27, 2021, the plaintiffs and third-party counter-defendant Moussa filed their original answer in "Plaintiff/Counter Defendant and Third-Party Counter Defendant Original Answer and General Denial." On December 29, 2021, Moussa filed a "First Amended Original Answer, General Denial, and Affirmative Defenses." On February 28, 2022, the trial court signed an "Order Granting Plaintiff's [sic] Motion for Reconsideration." This order grants the plaintiffs' motion for reconsideration, reinstates the default judgment of July 20, 2021, and vacates the September 28, 2021 order granting a new trial.

An appellate court has "an obligation to examine [its] jurisdiction any time it is in doubt . . . ." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). As a general rule, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Exceptions to this general rule are provided by statutes that specifically authorize interlocutory appeals of particular orders." *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see*, *e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Based on the record, G&G has pending counterclaims and third-party claims which have not been resolved. There is no final judgment, and the record fails to indicate that a statute

3

authorizes an interlocutory appeal. *See City of Watauga*, 434 S.W.3d at 588; *Lehmann*, 39 S.W.3d at 195. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

NORA L. LONGORIA
Justice

Delivered and filed on the
11th day of August, 2022.

4